UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TABARI SHARRIEFF STRONG, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-12-94 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 13). On September 11, 2012, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (D.E. 19), recommending that Respondent's Motion for Summary Judgment be granted. Petitioner timely filed his Objections (D.E. 24) on October 17, 2012 after obtaining an order extending his time to do so.

The Memorandum and Recommendation concludes that *habeas corpus* relief[1] is not available to Petitioner for the claims he has raised because the claims do not implicate the "liberty interest" necessary for the issuance of that writ. Unlike an action under 42 U.S.C. § 1983, an action seeking *habeas* relief must be based on a right to freedom from restraint—such as release from custody or relief from the imposition of atypical and significant hardship on the inmate above and beyond the ordinary incidents of prison life.

---

[1] It is noted that Petitioner has also filed a civil rights action based on some of the same complaints. *Strong v. Livingston*, No. 2:12-cv-106 (S.D. Tex. filed April 9, 2012).

*Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2300 (1995). Complaints regarding conditions of confinement generally do not implicate the necessary liberty interest.

In his Objections, Petitioner lists and elaborates on his complaints, including uneven application of the rules to inmates, denial of his preferred methods for practicing his religion, being housed in a cell with insufficient lighting, being provided with food that he cannot eat because of his religion and/or his allergies, threats and property destruction associated with cell shake-downs, delay of mail, denial of access to the law library based on his own refusal to comply with prison policies, alleged unfairness in his disciplinary hearing, loss of good time credits when he is not eligible for release based on his conviction for a capital offense, denial of contact visits, being housed with "the worst of the inmates," denial of commissary privileges, and the loss of certain exercise privileges. He discusses each as representing a "liberty interest." However, he uses that term as synonymous with a "constitutional right" or "civil right" and they are all, in actuality, conditions of confinement. He has failed to demonstrate that his complaints cross the line of what are ordinary incidents of prison life, given the courts' interpretation of that threshold. Petitioner's objections are OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and

conclusions of the Magistrate Judge. Accordingly, Respondent's Motion for Summary Judgment (D.E. 13) is **GRANTED** and this action is **DISMISSED**. In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED**.

ORDERED this 25th day of October, 2012.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE